# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>J. WUERTH, et al.,<br><br>Defendants. | Case No. 1:19-cv-01107-DAD-SAB (PC)<br><br>ORDER VACATING SEPTEMBER 5, 2019 ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 12)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 11)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Melvin Joseph Simmons is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 18, 2019, Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On August 14, 2019, this action was transferred to this Court. (ECF No. 5.) On August 15, 2019, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis*, or pay the $400.00 filing fee, within forty-five days. (ECF No. 8.)

On September 3, 2019, Plaintiff filed an incomplete application to proceed *in forma pauperis*. (ECF No. 11.) Specifically, Plaintiff's application is incomplete because Plaintiff only submitted the second page of the two-page *in forma pauperis* application. However, rather than properly denying, without prejudice, Plaintiff's incomplete application to proceed *in forma*

1

*pauperis*, the Court inadvertently issued an order granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 12.) Upon review of the application, the Court finds that Plaintiff's application demonstrates the ability to pay the filing fee and therefore he is not entitled to proceed without prepayment of fees. Additionally, the Court has discovered that Plaintiff has incurred three or more strikes under section 1915(g) of Title 28 of the United States Code prior to filing this lawsuit. Therefore, the order granting Plaintiff *in forma pauperis* status in this action is vacated and the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied.

## I.

## DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Additionally a prisoner is required to submit a certified copy of their trust fund statement for the six month period preceding the filing of the complaint. 28 U.S.C. . § 1915(a)(2). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed in forma pauperis and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

Here, Plaintiff has not submitted the first page of the application, however, any information that would be included on that page would not change the Court's analysis. On the second page which was submitted and signed by Plaintiff he indicates that he has $1,706.20 in cash. (ECF No. 11.) Based on the information that Plaintiff has provided, the Court finds that it demonstrates that

he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee … should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, Plaintiff has sufficient funds to pre-pay the $400 filing fee with money left over. Accordingly, Plaintiff is not entitled to proceed in this action without prepayment of fees.

**B.      28 U.S.C. 1915(g)**

Additionally, the Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011) overruled on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759 (2015). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: (1) Simmons v. Lamarque, no. 5:03-cv-04509-JW (N.D. Cal.) (dismissed July 27, 2007 for failure to state a claim); Simmons v. Guirbino, no. 3:11-cv-02169-WHA (N.D. Cal.) (dismissed July 1, 2011 for failure to state a claim); Simmons v. Williams, no. 2:09-cv-03505-EFB (E.D. Cal.) (dismissed April 11, 2012 for failure to state a claim); Simmons v. Hatter, no. 2:12-cv-03098-UA-DUTY (W.D. L.A.) (dismissed April 23, 2012 based on immunity and for seeking habeas relief in the action.[1]);

---

[1] It is clear from the face of Plaintiff's complaint that he was bringing suit against individuals that were entitled to absolute immunity. Harris v. Harris, __ F.3d. ___, 2019 WL 3938883, at *4 (9th Cir. Aug. 21, 2019). Further, upon review of the complaint, it is little more than a veiled attempt to avoid the substantive hurdles of bringing a habeas petition. El-Shaddai v. Zamora, 833 F.3d 1036, 1047 (9th Cir. 2016). See also Simmons v. Edmund J. Brown, no. 2:17-cv-5860-TJH(E) (C.D. Cal.) (dismissed August 18, 2017 and discussing denial of Plaintiff's habeas petitions

3

Simmons v. Kernan, no. 5:16-cv-07319-LHK (N.D. Cal.) (dismissed July 25, 2017 for failure to state a claim); Simmons v. Brown, no. 5:18-cv-06890-LHK (N.D. Cal.) (dismissed April 24, 2019 for failure to state a claim.).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on July 26, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, in seeking monetary damages, Plaintiff contends that on August 8, 2018, while housed Corcoran State Prison he was subjected to excessive force when he was excessively sprayed with pepper spray during a cell extraction. At the time that Plaintiff filed his complaint and currently, he is housed at High Desert State Prison, and there are no allegations that he is in imminent danger of physical harm based on allegations of excessive force that took place over a year ago at a different prison. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that the September 5, 2019 order granting Plaintiff leave to proceed *in forma pauperis* in this action is VACATED.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF No. 11) be denied; and

---

and his attempts to challenge his conviction in 1983 actions).

4

        2.        Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these findings and recommendations.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 6, 2019**                                    _____
                                                                           UNITED STATES MAGISTRATE JUDGE