UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>J. WUERTH, et al.,<br><br>Defendant. | No. 1:19-cv-01107-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 14, 17) |

Plaintiff Melvin Joseph Simmons is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2019, the court received a letter from plaintiff, addressed to the Clerk of the Court, demanding that the court cease and desist using "Jr." as part of his name. (Doc. No. 10.) Additionally, on September 3, 2019, plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 11.) The assigned magistrate judge granted plaintiff's application to proceed *in forma pauperis* on September 5, 2019. (Doc. No. 12.)

On September 6, 2019, the magistrate judge denied plaintiff's motion to cease and desist as moot (Doc. No. 13), and issued an order vacating the September 5, 2019 order granting plaintiff's application to proceed *in forma pauperis* because the order was inadvertently issued.

1

(Doc. No. 14.)  The magistrate judge also issued findings and recommendations recommending that plaintiff's *in forma pauperis* application be denied and that he be required to pay the $400.00 filing fee in order to proceed with this action.  (*Id.*)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations.  (*Id.*)  On September 30, 2019, plaintiff filed written objections to the findings and recommendations, (Doc. No. 16), and objections to the magistrate judge's order denying as moot plaintiff's motion to cease and desist, which the court now construes as a motion for reconsideration.  (Doc. No. 17.)

With respect to the magistrate judge's findings and recommendations, the court has conducted a de novo review of this case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C).  Having carefully reviewed the entire file, including plaintiff's objections, the court finds that the findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects on the ground that he meets the imminent danger exception to the three strikes rule under 28 U.S.C. § 1915(g).  (*See* Doc. No. 16.)  The findings and recommendations noted that at the time that plaintiff filed his complaint and currently, he is housed at High Desert State Prison, and there are no allegations in his complaint or elsewhere that he is in imminent danger of physical harm based on his claim that he was subjected to the excessive use of force over a year ago at a different prison.  (Doc. No. 14 at 5.)  Plaintiff now argues that a correctional counselor caused him serious bodily harm on April 25, 2019, and that he was assaulted by two active gang member prison inmates and correctional staff at High Desert State Prison on May 8, 2019.  (Doc. No. 16 at 3.)  Plaintiff avers that an official report was falsified, charging plaintiff with assault with a deadly weapon.  (*Id.* at 3–4.)  He further contends that he was "sold by" the Los Angeles County Sherriff's Department and Los Angeles County Superior Court as part of a conspiracy to cheat and defraud him of his fundamental rights.  (*Id.*)  However, the undersigned notes that none of these difficult to decipher allegations are contained in plaintiff's complaint.  (*See generally* Doc. No. 1.)  Section 1915(g)'s imminent danger "exception applies if *the complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious

2

1  physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)
2  (emphasis added); *see also id.* at 1053 (The availability of the imminent danger exception "turns
3  on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later
4  time."). Because plaintiff's complaint does not allege that he was in imminent danger at the time
5  his complaint was filed, plaintiff does not satisfy the exception.

6        The court next turns to plaintiff's motion for reconsideration. "A motion for
7  reconsideration should not be granted, absent highly unusual circumstances, unless the district
8  court is presented with newly discovered evidence, committed clear error, or if there is an
9  intervening change in the controlling law," and it "may *not* be used to raise arguments or present
10  evidence for the first time when they could reasonably have been raised earlier in the litigation."
11  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)
12  (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule
13  230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances
14  are claimed to exist which did not exist or were not shown" previously, "what other grounds exist
15  for the motion," and "why the facts or circumstances were not shown" at the time the substance
16  of the order which is objected to was considered.

17        Here, plaintiff's motion for reconsideration fails to present any new or different facts or
18  circumstances. Therein, plaintiff merely advances several difficult to decipher recitations of law
19  without explaining their pertinence to his case. (*See generally* Doc. No. 17.) The undersigned
20  also reiterates the magistrate judge's finding that the relief sought by plaintiff through his motion
21  to "cease and desist" has already been achieved because this court has stopped using "Jr." in
22  plaintiff's name on the docket in this case and in the caption of any court orders. (*Compare* Doc.
23  No. 4 at 1 ("I, Melvin Joseph Simmons . . . demand that you remove the Jr suffix misdescribing
24  my legal personality Melvin Joseph Simmons immediately, struck off these proceedings
25  completely. And that this active docket is recorded as filed by the moving papers of Plaintiff
26  Melvin Joseph Simmons.") *with* Doc. No. 13 ("The Court's docket now reflects that Plaintiff's
27  name is 'Melvin Joseph Simmons' and the case has been titled *Melvin Joseph Simmons v. J.*
28  *Wuerth, et al.*"))

Accordingly:

1. The findings and recommendations issued on September 6, 2019 (Doc. No. 14) are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 11) is denied;
3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;
4. Plaintiff is forewarned that if he fails to pay the required filing fee within the time specified by this order, this action will be dismissed;
5. Plaintiff's motion for reconsideration (Doc. No. 17) is denied; and
6. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE